Chief Justice Robertson
delivered the opinion of the court.
By his last will, Matthew Parish, among other things, directed his executors to sell a tract of land, and a slave, for the benefit of his (wo infant children, a daughter and a son, the proceeds of the sale “to be put out on good security;” one moiety to be paid to the daughter, whenever she should marry, or attain twenty-one years.of age, and the other moiety to be paid to the son, on his becoming twenty-one years old, and both of (hern to be supported and educated upon the interest, accruing in the mean,time.
The executors sold the slave, and the plaintiff in error, became the purchaser. Judgment having been obtained against him, by the executors, for the price, he enjoined it, alleging, in a hill in chancery, filed for that purpose, that he had a right, as guardian of the female devisee, to retain the amount of the judgment, and praying for an account and settlement. The executors admitted in their answers, that they knew of no unsatisfied debts, the payment of which would de-' volve on them; but they insisted that the plaintiff had no authority to retain the amount of the judgment, 1st. because, as they alleged, he was not the guar- *199 •diün; and 2nd. because the proceeds of the sale had been confided to them, in trust, for the benefit of the ••devisees, and that neither the ward nor her guardian would be entitled to more than a-moiety of the accruing interest, until she should either marry, or attain twenty-one years of age.
A statutory guardian in this country is both tutor and curator. As parens pat-ries, the com. monwenltb is the guardian of all infants, residentwith-in her borders, and her guar* diansbip is distributed among her several county courts As the commonwealth has no power ov.er infants who are not resident within her borders, so no comity court has power to appoint «tutor for.an infant v> ho is ■ not domiciled) in its county/
It appears that the testator was domiciled and died in Kentucky; but, that not long after his death, iii-3 widow and two infant children, removed to Tennessee, where they were residing, when the. plaintiff, without the knowledge or assent of either the mother or the daughter, was appointed, on Iris own motion, guardian of the daughter, by the county court in this •state, in which the will was proved.
On the hearing, the circuit court dissolved the injunction with damages, and dismissed the'bill with costs; and this writ of error is prosecuted for the purpose of reversing that decree.
The decree was proper.
A statutory guardian in this country, is both tutor and curator; the tutelage of the ward, and the custody of the estate, are both confided to him. As parens patrim, the commonwealth is the guardian of nil infants resident within her borders; and her guardianship is distributed among her several county courts, As the commonwealth has no power over infants who are not' resident within her borders, so no'county court has power to appoint a tutor for an infant who is not domiciled in its county. According to a proper construction of the statutes of this state, regulating the appointment of statutory guardians, did the property of the infant'give the county court in this state power to appoint a guardian or a curator? A decision of this .point is not now necessary: for if the plaintiff be the guardian de jure, nevertheless, he is not entitled to the amount of the judgment. As guardian, he could have no right to it, or to any portion of it, until a right to it had vested in his ward. If the devise to the ward be debiium in,presentí, it is a debt solvendum in futuro. The executors are trustees, and have no right to pay the trust fund |.o guardian orward, until the ward marry, or become twenty one years old. The guardian has a right to claim only so much of the interest as *200 shall be necessary for the education and support df ^he Wal<^’
Morehead, Mil-ls and Brown, for plaintiff; Crittenden and Julian for defendants.
Decree affirmed.